J-A13022-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEEL VALLEY FABRICATORS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COZZA ENTERPRISES, LLC | : | |
| | : | |
| Appellant | : | No. 1183 WDA 2025 |

Appeal from the Order Entered September 15, 2025
In the Court of Common Pleas of Butler County Civil Division at No(s):
CP-2025-20560

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:　　　　　　　　**FILED: August 7, 2026**

Appellant, Cozza Enterprises, LLC, appeals from the September 15, 2025 order entered in the Court of Common Pleas of Butler County that denied Appellant's petition to open the default judgment that was entered on April 11, 2025 in favor of Steel Valley Fabricators, LLC ("Steel Valley Fabricators") and against Appellant in the amount of $49,156.63.[1]  We affirm the order, in part, and vacate the order, in part, and remand this case for further proceedings in accordance with this decision.

_____

[1] The judgment was comprised of $29,612.11 for unpaid invoices, as discussed *supra*, $18,075.62 for penalties and interest awarded under the Contractor and Subcontractor Payment Act ("CASPA"), 73 P.S. §§ 501 – 517, and $1,468.90 for attorneys' fees  also awarded under CASPA.

The order denying Appellant's petition to open default judgment disposed of all claims and all parties and, as such, constituted a final appealable order. **See** Pa.R.A.P. 341(b).

The trial court summarized the procedural history as follows:

[Steel Valley Fabricators] filed a complaint in civil action alleging breach of contract, unjust enrichment, and a violation of [CASPA] against [Appellant]. The complaint included a notice to defend. [The] complaint assert[ed], "[Steel Valley Fabricators and Appellant] entered into two contracts, the terms of which required [Steel Valley Fabricators] to deliver the services and materials described in Exhibit A[, which was attached to the complaint and was comprised of two invoices sent by Steel Valley Fabricators to Appellant for materials and labor]."

Service of the complaint was made by a deputy of the Butler County Sheriff['s Office] on March 6, 2025. The sheriff['s] return of service was docketed [in the trial court on] March 10, 2025. [Appellant] did not file an answer to the complaint in civil action despite the notice to defend.

[A notice of *praecipe* for entry of default judgment, pursuant to Pennsylvania Rule of Civil Procedure 237.1, was mailed to Appellant on March 28, 2025.] The envelope was addressed to[ Appellant's registered business address in Mars, Pennsylvania.] This is the same address where [Appellant] was served by the deputy sheriff for original service of the complaint in civil action. [Judgment was entered in favor of Steel Valley Fabricators and against Appellant, pursuant to a *praecipe* to enter default judgment, in the amount of $49,156.63] on April 11, 2025. On April 16, 2025, counsel for [Appellant] entered his appearance and filed the instant petition to open [default] judgment.

On May 9, 2025, [the trial] court issued a rule to show cause order, in accordance with Butler County Local Rule 206.1(a), scheduling argument for August 7, 2025. [Steel Valley Fabricators] filed an answer to the petition. [Appellant] filed a reply to [Steel Valley Fabricators'] answer[, and Steel Valley Fabricators subsequently] filed a brief in opposition to [Appellant's] petition to open default judgment[. Appellant] did not file a [response] brief[.]

[The trial court heard oral argument on Appellant's petition] on August 7, 2025. No depositions or other exhibits were entered into evidence. On September 15, 2025, [the trial] court [denied Appellant's] petition to open [default] judgment.

Trial Court Opinion, 12/16/25, at 1-2 (extraneous capitalization omitted). This

appeal followed.[2]

Appellant raises the following issues for our review:

[1.] Whether the trial court erred in [] prioritizing procedural technicalities by focusing on the mailing date of the ten-day notice when [Appellant] did not receive the notice and was unable to defend the lawsuit on the merits[?]

[2.] Whether the trial court erred in failing to consider the proposed answer and new matter in [Appellant's] petition to open the default [judgment] despite [Appellant] filing the petition to open [] default judgment within ten days?

Appellant's Brief at 4 (extraneous capitalization omitted).[3]

Appellant's issues collectively challenge the trial court's order denying

its petition to open default judgment, for which our standard of review is

well-settled.

A petition to open a default judgment is an appeal to the equitable powers of the [trial] court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law. This Court may, after a review of the case, find an abuse of discretion if equity clearly favored opening the judgment. An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill[-]will, as shown by the evidence or the record, discretion is abused.

_____

[2] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[3] Appellant's issues have been reorganized for purpose of disposition.

*Seeger v. First Union Nat'l Bank*, 836 A.2d 163, 165 (Pa. Super. 2003) (citations and quotation marks omitted; formatting modified).

Pursuant to Rule 237.1, a default judgment cannot be entered against a party "unless the *praecipe* for entry includes a certification that a written notice of intention to file the *praecipe* was **mailed or delivered** in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the *praecipe* to the party against whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.Civ.P. 237.1(a)(2)(ii) (emphasis added). "The ten-day period in [Rule 237.1(a)(2)(ii)] shall be calculated forward from the date of **the mailing or delivery**[.]" Pa.R.Civ.P. 237.1(a)(2) (emphasis added). The explanatory comment further explains:

> The ten-day notice may be **mailed or delivered**. Registered or certified mail is not required. The ten-day grace period for compliance runs from the date of delivery, if the notice is delivered. **If the notice is mailed, the ten-day period runs from the date of mailing and not from the date of receipt.** If proof of the date of mailing is important, it may be obtained from the post office by requesting Post Office Form 3817, Certificate of Mailing, which will show the date, the name of the sender, and the addressee.

Pa.R.Civ.P. 237.1 at Explanatory Comment (emphasis added).

Pennsylvania Rule of Civil Procedure 237.3 states that, if a petition for relief from a default judgment entered pursuant to Rule 237.1 "is filed within ten days after the entry of a default judgment on the docket, the [trial] court shall open the judgment if . . . the proposed answer states a meritorious

- 4 -

defense." Pa.R.Civ.P. 237.3(b)(2). Rule 237.3(a) requires that the petition to open default judgment shall set forth all grounds for relief raised in a single petition and have attached "a copy of the complaint, preliminary objections, [or] answer which the petitioner seeks leave to file." Pa.R.Civ.P. 237.3(a).

Typically, "a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009), *relying on* **McFarland v. Whitham**, 544 A.2d 929 (Pa. 1998). If the petition to open default judgment is filed within ten days of the entry of the default judgment on the trial court docket and the petition states a meritorious defense, then a petitioner is relieved of having to provide "a reasonable excuse or explanation for failing to file a responsive pleading." *Boatin v. Miller*, 955 A.2d 424, 428 (Pa. Super. 2008); *see also Myers*, 986 A.2d at 176 n.3.

"[T]o state a meritorious defense, a petitioner need only allege a defense that entitles him [or her] to a judgment in his [or her] favor, if proven at trial." *Boatin*, 955 A.2d at 429; *see also Smith v. Morrell Beer Distribs., Inc.*, 29 A.3d 23, 26 (Pa. Super. 2011) (stating, "the requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief" (citation and original brackets omitted)). The petitioner "must set forth the defense in precise, specific, and clear terms."

*Smith*, 29 A.3d at 26 (citation and quotation marks omitted). "Merely asserting in a petition to open default judgment that one has a meritorious defense is insufficient." *Seeger*, 836 A.2d at 166. "There is[, however,] no requirement that the answer attached to a petition to open be any more specific than the typical broad answer to a complaint." *Attix v. Lehman*, 925 A.2d 864, 867 (Pa. Super. 2007).

In its first issue, Appellant challenges the trial court's denial of its petition to open default judgment on the ground it never received the notice of intent to file a default judgment. Appellant's Brief at 15-17. Appellant avers that "[a]s soon as [Appellant learned of the [entry of the default judgment,] it promptly [informed] counsel[,] who entered [his] appearance and filed the [p]etition [to open default judgment,] which included a proposed answer." *Id.* at 16.

The trial court, in denying Appellant's petition to open default judgment, held that Steel Valley Fabricators satisfied the procedural requirements of Rule 237.1(a)(2)(ii). Trial Court Opinion, 12/16/25, at 11. In particular, the trial court held that the certification attached to the petition to open default judgment confirmed that notice of Steel Valley Fabricators' intent to *praecipe* for the entry of a default judgment was **mailed** to Appellant. *Id.* at 11-12. The trial court explained that, pursuant to Rule 237.1, there was "no

requirement that the recipient to whom the notice was sent actually receive[d] the notice." *Id.* at 11. We agree.[4]

As this Court previously explained, "[t]here is no support in either [Rule 237.1] or its explanatory note for [the] contention [that] the rule requires the defaulting party to receive actual notice of intention to file the *praecipe* for entry of default judgment." *Cent. Penn Nat'l Bank v. Williams*, 523 A.2d 1166, 1168 (Pa. Super. 1987). "Rather, the rule requires only that the notice be mailed or delivered to the party against whom judgment is to be entered. The explanatory note expressly states that simply mailing the notice constitutes compliance with the rule." *Id.* "Moreover, the ten-day period between the notice of intent to take a default judgment and the entry of judgment is measured from the mailing date of the notice, not from the date of receipt of the notice." *Id.*; *see also* Pa.R.Civ.P. 237.1 at Explanatory Comment.

The certification requirement found in Rule 237.1 has not changed since it was first examined by this Court in *Central Penn National Bank*, *supra*. The current version of Rule 237.1, which was amended several times since the decision in *Central Penn National Bank*, does not include a requirement

---

[4] "The interpretation and application of the Pennsylvania Rules of Civil Procedure present questions of law" for which our standard of review is *de novo* and our scope of review, to the extent necessary to resolve the issue, is plenary. *Surefire Dividend Capture, L.P. v. The PNC Fin. Servs. Grp., Inc.*, 333 A.3d 406, 411 (Pa. Super. 2025) (citation and original quotation marks omitted).

that the defaulting party must **receive** the notice of intent to file a *praecipe* for entry of default judgment. Rather, the certification need only attest that a notice of intent to file a *praecipe* was **mailed or delivered** to the defaulting party. Lack of receipt will not undermine the validity of a default judgment where all prerequisites have been established and the trial court finds that the ten-day notice requirement has been met.

In the case *sub judice*, the *praecipe* for entry of default judgment included a certification that notice of the intent to *praecipe* for entry of a default judgment was mailed to Appellant on March 28, 2025.[5] As such, Steel Valley Fabricators complied with the requirements of Rule 237.1(a)(2)(ii).

In its second issue, Appellant argues that the trial court erred in denying its petition to open default judgment on the ground that the proposed answer and new matter, attached to the petition to open default judgment, set forth a meritorious claim. Specifically, Appellant asserts the proposed answer and new matter set forth that a contract between the parties never existed and, therefore, "the claim of no contract entitled [Appellant] to judgment in its

---

[5] The envelope used for the purpose of mailing the notice of the intent to *praecipe* for entry of default judgment reveals that the notice was mailed to Appellant at its registered business address in Mars, Pennsylvania on March 28, 2025. Appellant was not represented by counsel at the time the notice of the intent to *praecipe* for entry of default judgment was mailed to Appellant. Therefore, notice to counsel was not required.

favor if proven at trial."[6]  Appellant's Brief at 10.  Appellant contends that the invoices Steel Valley Fabricators attached, as an exhibit, to its complaint "do not constitute a contract." *Id.* at 11.  Appellant asserts that "there was never a written contract, there was never an oral contract, and that Steel Valley [Fabricators] attached no record of any oral agreements," and Appellant specifically denied the formation of a contract in its proposed answer and new matter, as well as in its petition to open default judgment. *Id.*

After considering all of the pleadings, the trial court explained its reasons for denying Appellant's petition to open default judgment as follows:

> Here, in this breach of contract[ and ]unjust enrichment action, [Steel Valley Fabricators] plead[s] specifically the factual allegations.  [Appellant] generally denied some factual assertions plead [*sic*], but did not provide any factual basis for the denial. Even [affording Appellant] a liberal interpretation of the proposed answer [and new matter, Appellant] admits [Steel Valley Fabricators] provided materials and services and that [Appellant] did not pay for [the] same.  Yet [Appellant] does not assert, for example, that it was not responsible for payment, does not claim that materials and services provided were inadequate, [and] does not set forth an argument of opposing terms of an oral contract[. Appellant] simply and generally denies it owes [Steel Valley Fabricators] anything for any reason.

_____

[6] Appellant claims that the trial court failed to consider the proposed answer and new matter that was attached to its petition to open default judgment. The proposed answer and new matter, according to Appellant, sets forth a meritorious defense to the causes of action alleged in Steel Valley Fabricators' complaint.  Because the crux of Appellant's challenge focuses on its proposed answer and new matter, and not on the contention that the petition to open default judgment contained a meritorious defense, we shall largely confine our review to the allegations contained in Appellant's proposed answer and new matter.

. . .

Based upon the admissions set forth in [Appellant's] proposed answer and new matter, the [trial] court considered the following. [Appellant] requested [Steel Valley Fabricators] to provide materials and services. [Steel Valley Fabricators] provided materials and services to [Appellant] to be used in work at [a] sports complex located in Monroeville, Pennsylvania. [Steel Valley Fabricators] also provided materials and services to [Appellant] at [Appellant's] registered [business] address [in] Mars, Pennsylvania. [Steel Valley Fabricators] invoiced [Appellant] for the labor and materials as set forth in Exhibit A [attached] to the complaint[,] which were admitted.

In its complaint, [Steel Valley Fabricators] avers that there were two contracts entered into between [Steel Valley Fabricators] and [Appellant] - one for the material and services provided at the Monroeville address and another for the material and services provided at the Mars address. [Appellant's] proposed answer [and new matter] lacks a meritorious defense, [namely] specific allegations of fact[ that explain its failure to pay Steel Valley Fabricators] for the materials and services [Appellant] admits it received.

. . .

In [Appellant's] proposed answer and new matter attached to the petition to open [default] judgment, in eleven out of twenty-two paragraphs[,] the proposed answer [stated the following:] "the averments contained in the paragraph of the complaint are specifically denied as stated. Strict proof thereof is demanded at the time of trial." These [responses] are all general denials or a demand for proof. Pursuant to [Pennsylvania Rule of Civil Procedure] 1029, each of those paragraphs should be read as an admission.[7] If so read, the facts would reveal that despite [Steel Valley Fabricators] demanding payment for materials, services,

---

[7] Rule 1029(b) states that "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) [("the party is without knowledge or information sufficient to form a belief as to the truth of an averment")] and (e) [("an action seeking monetary relief for bodily injury, death[,] or property damage")] of this rule, shall have the effect of an admission." Pa.R.Civ.P. 1029(b).

- 10 -

and labor, [Appellant] failed to pay for same. [Appellant] agrees that there is no formally integrated written contract between the parties (for the work invoiced as set forth in Exhibit A of the complaint). [Steel Valley Fabricators supplied materials and services] , and [Appellant] accepted the benefits therefrom. [Steel Valley Fabricators] was damaged as a result of the non-payment.

Also, the same "answer" was cited for paragraphs of the complaint which set forth legal conclusions. For example, paragraphs 17, 19, 20, 21, and 22 [of the complaint set forth] legal conclusions. However, the proposed answer and new matter [was] written so generally and without consideration that these paragraphs received the same general denial. While a denial is not specifically required in paragraphs where only a conclusion of law is averred, the way these paragraphs were answered simply supports that most of the other denials were equally general.

[The trial court] considered some of the paragraphs in which the proposed answer was not so automatically a general denial. For instance, [regarding] paragraph 9 of the complaint[, Appellant] denied that Exhibit A of the complaint [was] a true and correct copy of a contract entered into between the parties and that an invoice constitute[d] a valid contract. [Appellant, however,] failed in [its] proposed answer to address the portion of paragraph 9 which averred "the terms" which required [Steel Valley Fabricators] to deliver the services and materials described in Exhibit A.

The [trial] court first reviewed the proposed answer to determine if a meritorious defense was set forth in precise, specific, and clear terms. Finding the proposed answer lacking, the [trial] court then turned to the petition to open default judgment to see whether it set forth "allegations of a defense that, if proven at trial, would entitle [Appellant] to relief."

Paragraph 16 of the petition sets forth three reasons a meritorious defense exists. First, [Appellant] argues that there is no "valid and written contract" between the parties. For reasons [previously] stated[,] that would be a meritorious defense for the breach of contract count[.] Secondly, [Appellant] provides a legal conclusion that the unjust enrichment count is barred because there is no valid contract. As set forth, that is not a meritorious defense. Lastly, [Appellant] argues that since there is no contract, count three pursuant to [CASPA] is barred. Taken in context, and

since [Appellant] did not specifically deny the existence of an oral contract, this statement also is not sufficient for a meritorious defense. Therefore, neither the proposed answer nor the petition itself set forth or alleged "facts of record that support a meritorious defense."

Trial Court Opinion, 12/16/25, at 5-9 (extraneous capitalization, record citations, case citations, ellipsis, footnotes, and original brackets omitted).

In its complaint, Steel Valley Fabricators set forth claims for breach of contract and unjust enrichment, as well as a request for damages pursuant to CASPA (*i.e.*, interest, penalties, and attorneys' fees) based upon the allegations that Steel Valley Fabricators provided materials and services to Appellant and invoiced Appellant for the same but that Appellant failed to make payment upon demand. Complaint, 2/26/25.[8] Steel Valley Fabricators conceded that "no formally integrated written contract between the parties" existed but maintained that parties entered into two contracts as evidenced by the invoices that were sent to Appellant for payment. *Id.* at ¶¶ 9-10.[9] As such, Steel Valley Fabricators sought recovery for breach of contract, as well

_____

[8] The complaint was filed at trial court docket CP-25-10246.

[9] Although Steel Valley Fabricators acknowledge no formal integrated written contract exists between the parties, there are no allegations in the complaint that the parties entered into oral contracts. Instead, the only averment is that the parties "entered into two contracts, the terms of which required [Steel Valley Fabricators] to deliver the services and materials described in Exhibit A hereto." Complaint, 2/26/25, at ¶ 9. Exhibit A contains two invoices, both dated 6/8/23. Based upon this allegation and the lack of any specific claim of oral contracts, a reasonable inference could be made that the two invoices attached to the complaint are the contracts at issue.

as additional damages available under CASPA. In the alternative, Steel Valley Fabricators requested damages under a theory of unjust enrichment.

It is well-established that, for a breach of contract claim, the party must establish "(1) the existence of a contact, including its essential terms, (2) a breach of that contract, and (3) resultant damages." ***Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.***, 137 A.3d 1247, 1258 (Pa. 2016). Because the existence of a contract is an essential element for establishing a cause of action for breach of contract, a claim that the parties lacked a contractual relationship, if proven, would be a meritorious defense. ***ABG Promotions v. Parkway Publ'g, Inc.***, 834 A.2d 613, 618 (Pa. Super. 2003) (*en banc*).

> [CASPA] provides rules and deadlines to ensure prompt payments under construction contracts, to discourage unreasonable withholding of payments, and to address the matter of progress payments and retainages.
>
> By its terms, CASPA applies to construction contracts. 73 P.S. § 515. One must first establish a contractual right to payment pursuant to either a written or oral contract, and breach of that contract, to be entitled to CASPA relief. Thus, the construction contract is the starting point of any CASPA analysis. CASPA does not supplant the traditional breach of contract action between contracting parties[. It] merely makes additional remedies available to contractors and subcontractors when they are not promptly paid by the party with which they contracted.[10]

---

[10] CASPA provides for, *inter alia*, the recovery of interest, penalties, and attorneys' fees. ***See*** 73 P.S. §§ 507(d) and 512.

***Scungio Borst Assocs. v. 410 Shurs Lane Devs., LLC***, 106 A.3d 103, 109 (Pa. Super. 2014) (case citations and quotation marks omitted), *aff'd*, 146 A.3d 232 (Pa. 2016).  CASPA augments the remedies available to a party who asserts damages owing to the breach of a construction contract.  Thus, similar to breach of contract, a claim that the parties lacked a contractual relationship would, if proven at trial, serve as a meritorious defense to a claim for damages under CASPA.

Unjust enrichment stands on a different footing than breach of contract or CASPA as the absence of an enforceable contract is not an impediment to recovery.

> A claim for unjust enrichment arises from a *quasi*-contract.  A *quasi*-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another.
>
> The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.

***Gutteridge v. J3 Energy Grp., Inc.***, 165 A.3d 908, 917 (Pa. Super. 2017) (citations and quotation marks omitted).  "To sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her [or him] to retain."  ***Id.*** (citation omitted).

Our prior cases have expressly held:

> The absence of an enforceable contract is not[ fatal to a] claim for unjust enrichment. On the contrary, the absence of an enforceable contract at law is the seed from which an unjust-enrichment claim in equity sprouts. The *quasi*-contract theor[y of] unjust enrichment, by definition, impl[ies] that no valid and enforceable written [or oral] contract exists between the parties. Critically[,] the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract.

*Wilson v. Parker*, 227 A.3d 343, 353 (Pa. Super. 2020) (citation, original brackets, ellipsis, and quotation marks omitted).

In its proposed answer and new matter, Appellant admitted that "[Steel Valley Fabricators] provided materials and services to [Appellant] at [Appellant's] request to be used in [Appellant's] work at the [] sports complex in Monroeville, Pennsylvania[,]" "[Steel Valley Fabricators] provided materials and services to [Appellant] at [Appellant's] request to be used in [Appellant's] work [at its registered place of business in] Mars, Pennsylvania[,]" and "[Steel Valley Fabricators] invoiced [Appellant] for the labor and materials provided as evidenced by the [i]nvoices attached [to the complaint.]" Petition to Open Default Judgment, 4/16/25, at Exhibit D, ¶¶ 4-6; *see also* Complaint, 2/26/25, at ¶¶ 4-6. The trial court found that Appellant's responses in its answer to 11 of the averments contained in the complaint constituted admissions because Appellant's responses – "[t]he averments . . . are specifically denied as stated. Strict Proof is demanded at the time of trial" - constituted admissions pursuant to Rule 1029. When we read the responsive pleading as a whole, however, we cannot agree that Appellant's responses constituted an admission because it failed to specifically deny the

averments. *See Cercone v. Cercone*, 386 A.2d 1, 6 (Pa. Super. 1978) (stating the long-held position that the responsive pleading must be examined as a whole to determine if a denial was made with sufficient specificity). In particular, Steel Valley Fabricators asserted that the parties "entered into two contracts, the terms of which required [Steel Valley Fabricators] to deliver services and materials described in Exhibit A [(the invoices), attached to the complaint]." Complaint, 2/26/25, at ¶ 9. Appellant responded

> Denied. It is specifically denied that Exhibit "A" to [the] complaint is a true and correct copy of a contract entered into between the parties. By way of further response, [Appellant] denied that [Steel Valley Fabricators'] invoices constitute a valid contract. Strick proof thereof is demanded at the time of trial.

Petition to Open Default Judgment, 4/16/25, at Exhibit D, ¶ 9. Thus, Appellant specifically denied that a contractual relationship existed between the parties based on the invoices sent by Steel Valley Fabricators to Appellant. When Appellant's subsequent responses - "the averments are specifically denied" - are read in conjunction with the response provided in paragraph 9 of the proposed answer and new matter, we find that Appellant provided a sufficiently specific denial of the allegation contained therein, namely that a contractual relationship between the parties did not exist. For example, regarding the averments found in paragraph 11 of the complaint – "[Steel Valley Fabricators] performed under the terms of each contract" and paragraph 12 - "[Appellant] accepted the benefits of the contractual agreements between the parties," Appellant's responses that the averments

in those two paragraphs of the complaint were "specifically denied as stated" and "strict proof was demanded at the time of trial" constituted sufficiently specific denials of the averments given that Appellant denied the existence of a contractual relationship in paragraph 9 of the proposed answer. Moreover, in its proposed new matter, Appellant avers that "[Steel Valley Fabricators'] claims are barred as a written contract never existed between the parties," and "[Steel Valley Fabricators'] claims are barred as there is no indication that an oral agreement was entered into between the parties." *Id.*, at ¶¶ 24 and 25.[11] These averments provide additional support in finding that Appellant pleaded a meritorious defense to Steel Valley Fabricators' breach of contract claim.

As for Steel Valley Fabricator's claim under CASPA, because the existence of a contractual relationship is required to establish a claim for breach of contract or damages under CASPA, as discussed *supra*, Appellant's specific denial as to the existence of such a relationship, if proven at trial, would constitute a meritorious defense that entitled Appellant to a grant of its petition to open default judgment as to these two counts.

Steel Valley Fabricators, however, also asserted a claim for unjust enrichment, to which, as discussed *supra*, the denial of a contractual

---

[11] In reviewing the trial court's opinion, it is clear that the trial court analyzed Appellant's proposed answer to the complaint and its petition to open the default judgment (Trial Court Opinion, 12/16/25, at 5-9); however, there is no mention in the opinion as to the averments set forth in Appellant's new matter.

relationship between the parties does not constitute a meritorious defense. Therefore, we must examine whether, or not, Appellant raised a meritorious defense to the unjust enrichment claim in its responsive pleadings.

In the complaint, Steel Valley Fabricators alleged that

[Appellant] unjustly retained the benefit from [Steel Valley Fabricators'] labor and materials provided to or for the benefit of [Appellant] in the form of [Appellant's] ability to perform its work at the [] sports complex and the [business] property, and upon information and belief, payment from the owner of each property.

Complaint, 2/26/25, at ¶ 16. Appellant responded "[t]he averments contained in [paragraph 16] of the [c]omplaint are specifically denied as stated. Strict proof is demanded at the time of trial." Petition to Open Default Judgment, 4/16/25, at Exhibit D, ¶ 16. Here, we concur with the trial court, and the record supports, that when the responsive pleadings are examined as a whole, Appellant's response lacks sufficient specificity in its denial and, therefore, constitutes an admission under Rule 1029. As the trial court noted, and the record supports, Appellant failed to assert, for example, "that it was not responsible for payment" or "that [the] materials and services provided were inadequate[.]" Trial Court Opinion, 12/16/25, at 5. Therefore, we concur with the trial court, and the record supports, that Appellant failed to set forth a meritorious defense to the unjust enrichment claim.

As discussed *supra*, the default judgment entered in the amount of $49,156.63 was comprised of $29,612.11 for unpaid invoices, as well as $18,075.62 for penalties and interest and $1,468.90 for attorneys' fees

- 18 -

awarded under CASPA. In its claim for unjust enrichment, Steel Valley Fabricators asserted it was entitled to recover $29,612,11 for the unpaid invoices because it provided materials and services to Appellant and Appellant failed to pay for the same. Because Appellant did not raise a meritorious defense to the unjust enrichment claim and, therefore, was not entitled to have the default judgment opened as to this cause of action, we affirm the portion of order that denied the petition to open default judgment as to the unjust enrichment claim, as well as the portion of the default judgment entered in the amount of $29,612.11. The penalties, interest, and attorneys' fees in the aggregate amount of $19,544.52 were awarded under CASPA. Appellant was entitled to have the default judgment opened as to the claim under CASPA, as well as the breach of contract claim, because it asserted a meritorious defense. As such, we vacate the portion of the order that denied the petition to open default judgment as to the claims under CASPA and breach of contract, as well as the portion of the default judgment entered in the amount of $19,544.52. We remand the case further proceedings in accordance with this disposition.[12]

Order affirmed, in part. Order vacated, in part. Case remanded. Jurisdiction relinquished.

---

[12] Upon remand and the opening of the default judgment, in part, Appellant shall be permitted to file a responsive pleading as to the claims asserted against it for breach of contract and damages under CASPA.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/7/2026